UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. DARBY,

    Petitioner,
                                             Civil No. 17-cv-10693
                                             Hon. Matthew F. Leitman
v.

CONNIE HORTON,

    Respondent,
_____/

## OPINION AND ORDER (1) GRANTING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS (ECF #14), (2) HOLDING IN ABEYANCE AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND (3) ADMINISTRATIVELY CLOSING THE CASE.

On March 2, 2017, state prisoner Petitioner Michael A. Darby filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) On October 10, 2017, Darby filed a motion to amend his habeas petition and to hold the amended petition in abeyance so that he could return to the state courts to exhaust new claims he has raised.[1] (*See* ECF #14.) The Court **GRANTS** Darby's motion pursuant to the terms set forth below. If Darby fails to comply with these terms, the Court could dismiss his habeas petition without prejudice.

---

[1] On October 10, 2017, Darby also filed an application proceed in this action without the prepayment of fees or costs. (*See* ECF #13.) The Court **DENIES** that application as **MOOT** because Darby has already paid the required filing fee. (*See* ECF #7.)

1

Darby's proposed amendment advances new claims that may have arguable merit. *See e.g.*, *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). The Court will therefore the Court permit Darby to amend his habeas petition to add the new claims raised in his amendment.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Darby's new claims, by his own admission, have not been exhausted with the state courts. In order to prevent a habeas petitioner from potentially exhausting the one year statute of limitations included in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings. *See* Rhines v. Weber, 544 U.S. 269, 278 (2005). The Court concludes that such a stay is appropriate here.

The Court's decision to stay these proceedings and to hold the amended petition in abeyance is conditioned upon Darby's (1) initiating proceedings in state court within sixty days of receiving this Order and (2) returning to this Court within sixty days of exhausting his state-court remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 718 (6th Cir. 2002).

In order to properly exhaust his claims in state court, Darby must first file a motion for relief from judgment with the state trial court under Michigan Court Rule

2

6.502. *See e.g. Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). *See also Mikko v. Davis*, 342 F.Supp.2d 643, 646 (E.D. Mich. 2004). If the state trial court denies Darby's motion, then in order to fully exhaust his claims, Darby must seek leave to appeal in the Michigan Court of Appeals, and, if necessary, in the Michigan Supreme Court. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See also Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D. Mich. 1997); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). Finally, within 60 days of fully exhausting the new claims in state court, Darby must return to this Court with a motion to reopen the petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach described in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Darby fail to comply with any of these conditions, the Court could dismiss his amended habeas petition without prejudice. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Accordingly, for the reasons stated above, Darby's motion to amend his petition for a writ of habeas corpus (ECF #14) is **GRANTED**. Darby's amended habeas petition shall be held in abeyance pending completion of the state-court proceedings described in this Order. For administrative purposes, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal

or disposition of this matter. *See Thomas v. Stoddard*, 89 F.Supp.3d 937, 943-44 (E.D. Mich. 2015). Upon receipt of an Amended Petition, the Court will order the Clerk of the Court to reopen this case for statistical purposes.

    **IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764