UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. DARBY,

    Petitioner,                                          Case No.17-cv-10693
                                                              Hon. Matthew F. Leitman

v.

JACK KOWALSKI,

    Respondent,
_____/

**SECOND ORDER COMPELLING
PRODUCTION OF STATE COURT RECORD**

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge R. Steven Whalen signed an order of responsive pleadings requiring Respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by September 11, 2017. The Court subsequently held the petition in abeyance to permit petitioner to exhaust additional claims in the state courts. When the Court reopened the case following the exhaustion of the additional claims, the Court ordered respondent to file a supplemental answer and any Rule 5 materials that had not yet been filed with the Court. Respondent has filed an original and supplemental answer, as well as some of the Rule 5 materials.

    In reviewing petitioner's amended habeas petition, the Court notes that petitioner alleges that trial counsel was ineffective for failing to investigate and

introduce a photograph of petitioner from his Instagram page purportedly from March 22, 2013 -- some three days before the robbery on March 25, 2013 -- and another picture taken six hours after the robbery. Both of the pictures purport to show petitioner without facial hair. Petitioner claims that this evidence could have been used to impeach the credibility of the victim's nieces, who told the police that their assailant had a beard and also to establish to the jury that petitioner was not the perpetrator because he did not fit the description of the perpetrator.

Although respondent provided copies of the photographs from petitioner's Instagram account, see ECF 21-2, PageID. 1564 and 1604, these copies are in black and white and do not clearly reflect the state of petitioner's facial hair. The Court also notes that the state trial judge, in denying post-conviction relief, referred to petitioner's booking photograph from March 27, 2013, which purports to show him with a beard. A copy of this booking photograph has not been provided as part of the Rule 5 materials. Clear copies of the Instagram and booking photographs, in color if possible, are necessary to resolve petitioner's ineffective assistance of counsel claim.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts or additional evidence be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653

(6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

Based upon the foregoing, the Court ORDERS Respondent to produce clear color copies of petitioner's Instagram photographs from March 22, 2013 and March 25, 2013 and the booking photograph from petitioner's March 27, 2013 arrest within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764