## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL A. DARBY,

      Petitioner,
                                   Case No. 17-cv-10693
                                   Hon. Matthew F. Leitman

v.

JACK KOWALSKI,

      Respondent,

_____/

## OPINION AND ORDER (1) DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF Nos. 1, 18), (2) GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD (ECF No. 25), (3) GRANTING A LIMITED CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL _IN FORMA PAUPERIS_

Petitioner Michael Darby is a state inmate in the custody of the Michigan Department of Corrections. On March 2, 2017, Darby filed a *pro se* petition for a writ of habeas corpus in this Court. (*See* Pet, ECF No. 1; Am. Pet., ECF No. 18.[1]) In the petition, Darby seeks relief from his state-court convictions of armed robbery, Mich. Comp. Laws § 750.529, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84(1)(a), possessing a firearm while committing a felony (felony firearm) Mich. Comp. Laws § 750.227b(1), and two counts of felonious assault, Mich. Comp. Laws § 750.82(1). (*See id.*)

---

[1] For ease of reference, the Court will refer to Darby's petition and amended petition collectively as the "petition."

The Court has carefully reviewed the petition and concludes that Darby is not entitled to federal habeas relief.  Accordingly, for the reasons explained below, the Court **DENIES** Darby's petition.

## I

The facts of Darby's case, as described by the Michigan Court of Appeals are as follows:

> On March 25, 2013, two men robbed Stanley Sowa outside his home in Detroit. Sowa, who was 80 years old at the time of trial, was with his two grandnieces. As Sowa stopped on the sidewalk to pick up a bag of candy that one of his nieces had dropped, a man grabbed Sowa's arm, wrestled him to the ground, and took his wallet from his pocket. Another man, with a silver-colored gun, shot Sowa in the head. Both men fled after the robbery. Although Sowa could not identify either of the two men, Sowa's grandnieces both identified Michael as the gunman and Thomas as the man who wrestled with Sowa. One of the grandnieces also identified the two defendants in live lineups before trial.
>
> The prosecution presented other-acts evidence that Michael fired a gunshot in a similar robbery against a woman with a young child the following day where he was accompanied by an unidentified associate. The court admitted the evidence over objection for its relevancy in establishing Michael's scheme or plan and his identification as one of the persons who robbed Sowa, and to show Michael's intent, specifically that he shot Sowa purposefully and not by accident. The court instructed the jury that this evidence was admitted and could be considered only against Michael.
>
> Both defendants were arrested on March 27, 2013, after a vehicle occupied by three men crashed into a garage

during a police chase. Officer Randolph Sturley identified both Thomas and Michael as passengers of the vehicle. Detroit Police Officer Andrew Berry testified that Thomas was arrested in the back yard of a home during a search for the men.

Thomas testified at trial and denied any involvement in the charged robbery. He also denied being in the vehicle involved in the police chase, and testified that he was arrested in front of a home while walking to a gas station. Thomas denied being related to Michael, and denied even knowing Michael before he and Michael were both charged with robbing Sowa.

*People v. Darby*, 2015 WL 3757506, at *1 (Mich. Ct. App. June 16, 2015).

Based upon those facts, a jury convicted Darby of the offenses identified above. He then appealed his convictions in the Michigan Court of Appeals, and that court denied relief. *See id.* Darby next filed an application for leave to appeal in the Michigan Supreme Court, and that court denied leave. *See People v. Darby*, 876 N.W.2d 542 (Mich. 2016).

On March 2, 2017, Darby filed a habeas petition in this Court. (*See* Pet., ECF No. 1.) The Court thereafter permitted Darby to return to state court to exhaust certain new claims. (*See* Order, ECF No. 15.) Darby then filed a post-conviction motion for relief from judgment in the state trial court. The trial court denied that motion on September 25, 2018. (*See* St. Ct. Order, ECF No. 21-1.) Darby sought leave to appeal that decision in both the Michigan Court of Appeals and the

3

Michigan Supreme Court, and both courts denied leave. *See People v. Darby,* No. 347278 (Mich.Ct.App. Apr. 23, 2019); *lv. den.* 934 N.W.2d 244 (Mich. 2019).

Darby then returned to this Court and amended his petition. (*See* Am. Pet., ECF No. 18.)  Darby now seeks relief on the following grounds: (1) he is actually innocent, (2) the ineffective assistance of trial counsel, and (3) the state trial court violated Michigan law and his due process rights when it wrongfully admitted "other acts" evidence against him at trial.[2]

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

---

[2] On September 9, 2020, Darby filed a motion to expand the record to include two color photographs that Darby says are relevant to his claims. (*See* Mot., ECF No. 25.)  That motion is **GRANTED**.

## III

### A

The Court begins with what Darby calls a claim of "actual innocence." (Am. Pet., ECF No. 18, PageID.1422.)   In this claim, Darby argues that two newly discovered photographs – one taken three days before the robbery and one taken six hours after the robbery – prove that he is actually innocent.  Darby explains that two eyewitnesses to the robbery (the victim's nieces) described the assailant as a man with a "beard."  And Darby insists that the two photographs depict him as having a small amount of hair only on his upper lip and chin – and do not depict him as having a beard – at the time of the robbery.[3]  Darby thus concludes that the photographs prove that he could not have been the assailant because he does not match the description provided by the victim's nieces.

It is not clear whether Darby intends to raise his actual innocence contention as a separate, freestanding claim or whether he is raising it for some other purpose. On Darby's pre-printed form habeas petition, he lists his first claim as "actual innocence." (*Id.*)  However, in Darby's brief in support of his petition, he argues that

---

[3] Darby says that the two photographs "fairly mirror" how he looked at his preliminary examination. (Am. Pet., ECF No. 18, PageID.1443.)  And Darby says that at the preliminary examination, he had a small amount of facial hair above his upper lip and on his chin. (*See id.*, PageID.1442.)  The judge presiding over Darby's preliminary examination confirmed that Darby had "some hair" on his chin at the time of the examination. (Prelim. Exam Tr., ECF No. 12-2, PageID.172.)

he "makes [a] claim of actual innocence to waive [the] showing of good cause and prejudice required by [Michigan Court Rule] 6.508(D)(3)." (*Id.*, PageID.1437.)  In either event, Darby has not shown that he is entitled to federal habeas relief on the basis of his alleged actual innocence.

To the extent that Darby attempts to raise his purported actual innocence as its own claim, the claim fails because freestanding claims of actual innocence are not cognizable on federal habeas review absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007) (collecting cases). *See also  Zuern v. Tate*, 336 F.3d 478, 482 n. 1 (6th Cir. 2003) (explaining that "[t]he Supreme Court has held that newly discovered evidence does not constitute a freestanding ground for federal habeas relief but, rather, that the newly discovered evidence can only be reviewed as it relates to an 'independent constitutional violation occurring in the underlying state criminal proceeding'") (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

To the extent that Darby argues his actual innocence excuses some failure under Michigan law and/or the Michigan Court Rules, he is not entitled to relief because, among other things, has not fully developed the claim.  Darby asserts that his actual innocence "excuse[d] the good cause and prejudice requirements set forth in [Michigan Court Rule] 6.508(D)(3)." (Am. Pet., ECF No. 18, PageID.1438.)  But Darby does not explain how the purported excusing of those requirements is relevant

to his currently pending federal habeas petition.  Nor does he explain why he would be entitled to federal habeas relief if those requirements were excused.  Simply put, Darby has not provided the Court a sufficient basis to grant him federal habeas relief based on the excuse of certain requirements in the Michigan Court Rules.

For all of these reasons, the Court denies Darby federal habeas relief on his actual innocence claim.  The Court will consider Darby's claims related to the photographs – and their impact on his trial – in the context of resolving his ineffective assistance of counsel claim.

## B

The Court next turns to Darby's ineffective assistance of trial counsel claim.[4] Darby claims his counsel was ineffective in two respects described below.  Darby presented his ineffective assistance claim to the state trial court, and that court rejected the claim.  To prevail here, Darby must show that the state court's rejection of this claim was contrary to, or an unreasonable application of, *Strickland v.*

---

[4] Respondent argues that Darby procedurally defaulted this claim because he did not raise it on direct review, and he failed to show cause and prejudice for not raising this claim in his appeal of right.  However, procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003). Here, the Court believes that it would be more efficient to proceed to the merits of Darby's ineffective assistance of counsel claim, and it does so above.

*Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: a habeas petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687. Darby has not satisfied this standard with respect to either aspect of his ineffective assistance of counsel claim.

## 1

Darby first asserts that his trial counsel was ineffective for failing to discover and introduce into evidence the two photographs discussed above. Darby says that the photographs show that, at the time of the robbery, he had a small amount of facial hair only on his upper lip and chin and did not have a beard. And Darby contends that that is important because the photographs do not match the description of the assailant offered by the victim's two nieces, who said that the assailant had a beard. Darby insists that had his counsel found these photographs, it would have substantially undermined the prosecution's ability to identify him as the assailant. Darby raised this claim in a post-trial motion for relief from judgment with the state trial court.[5] That court rejected it as follows:

---

[5] In reviewing a claim under AEDPA, this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F. 3d 487, 505 (6th Cir. 2010). Darby raised his ineffective assistance of appellate counsel claim in his post-conviction motion for relief from judgment. After the state trial court denied that motion, Darby filed applications for leave to appeal in the Michigan Court of

>This Court does not find that trial counsel's alleged failure to investigate defendant's Instagram page to find a picture of him without facial hair as outcome determinative. Furthermore, two days after the crime against the victim, Stanley Sowa, defendant was arrested and Detroit Police Officer Sturley recovered a silver handgun defendant had dropped, as he tried to escape, and defendant's arrest photo clearly showed him with a mustache and goatee. Moreover, the Instagram photo defendant purports to show him without any facial hair, upon closer inspection, actually shows defendant to have had a six o'clock shadow.

*People v. Darby,* No. 13-003186-FC-01, at *5 (Wayne Cty.Cir.Ct., Sept. 25, 2018) (internal footnote omitted). (ECF No. 21-1, PageID.1519-1520.)

Darby has not established that the trial court unreasonably applied *Strickland* when it found a lack of prejudice from counsel's failure to discover and introduce the photographs.[6]  While the photos would have demonstrated a disconnect between

Appeals and the Michigan Supreme Court. Those courts both denied the applications in unexplained one-sentence orders.  Accordingly, this Court must "look through" those decisions to the state trial court's opinion denying the motion for relief from judgment, which was the last state court to issue a reasoned opinion on this claim. Because that court denied Darby's post-conviction ineffective assistance claim on the merits, AEDPA's deferential standard of review applies to that ruling. *See Moritz v. Lafler,* 525 F. App'x 277, 283 (6th Cir. 2013).

[6] The state trial court's use the term "outcome determinative" is not consistent with the *Strickland* standard.  Under that standard, the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  However, earlier in the trial court's written decision, the court accurately set forth the *Strickland* standard. (*See* ECF No. 21-1, PageID.1518.) The Court thus concludes that the state trial court was aware of the proper standard under *Strickland* and that the court applied that standard notwithstanding its use of the term "outcome

the eyewitness identifications of the assailant and Darby's appearance at the time of the offense, that disconnect was fully presented to the jury at trial even without the photographs. Indeed, the prosecution *conceded* during its closing argument that the eyewitnesses described the assailant as having a full beard and that at the time of the offense Darby may have had only hair under his chin and a mustache. (7/11/2013 Trial Tr., ECF No. 12-10, PageID.995-996, 1029.) The prosecution offered an explanation for this discrepancy. It explained that the eyewitnesses were young girls who may not have known that hair on a man's upper lip and under his chin (that does not also cover the man's entire face) is called a "goatee," not a "beard":

> Now Angelica didn't know the word goatee. She's 11 years old. She's a girl. She doesn't know the word goatee. She describes it as a beard. Well, he does have facial hair under his chin. A lot of people would call that a beard if they don't know the word goatee. But she's not wrong about that.
>
> [....]
>
> So [Darby's counsel] tells you that it's physically impossible for an 18 year old to grow a beard. I don't know if it is or it isn't. But no one ever said Michael Darby had a beard like [his counsel] is referring to. And you know from [his booking photo] I showed you earlier, he has facial hair. He has hair under his chin. He has a mustache. No one ever asked Elexus or Angelica [to] describe the beard. How would you define beard. So

---

determinative." Notably, Darby does not argue that the state trial court applied the wrong legal standard. Instead, the he argues that the court reached the wrong result. For the reasons explained above, the Court concludes that the state trial's court's resolution of the *Strickland* standard was not unreasonable.

> when someone has hair under their face, under their chin,
> it's not uncommon for someone to refer to that as a beard.
> And clearly Mr. Darby, Michael Darby, had that.  The
> pictures showed that he did and he was arrested.

(*Id.*)  Thus, the point that Darby says that the photographs would have established –

that he could not have been the assailant because at the time of the robbery he did

not match the eyewitness' description of the assailant as having a beard – was

presented to and considered by the jury before it reached its verdict.[7]  Darby has

therefore not shown that it was unreasonable for the state trial court to conclude that

the photographs in question would not have had a meaningful impact on the trial and

that Darby did not suffer prejudice from counsel's failure to discover and introduce

them.  For all of these reasons, Darby is not entitled to federal habeas relief on this

aspect of his ineffective assistance claim.

---

[7] Moreover, Darby's counsel repeatedly referenced Darby's lack of a beard throughout the trial.  For instance, Darby's counsel highlighted during closing argument that the victim's nieces had identified the assailant as a man with a beard, and counsel argued that it was "physically impossible" for Darby to be the assailant because he did not have a beard at the time of the robbery. (7/11/2013 Trial Tr., ECF No. 12-10, PageID.1011.)  Darby's counsel insisted that "the identification [of Darby] hinges on certain characteristics.  And my argument is the beard." (*Id.*, PageID.1007.)  In addition, Darby's booking photograph was introduced into evidence, and that photograph showed that Darby did not have a full beard a mere two days after the robbery. (See 7/9/2013 Trial Tr., ECF No. 12-8, PageID. 706-707; Booking photograph, ECF No. 24-2.)

**2**

Darby next claims that his trial counsel was ineffective for failing to challenge an in-court identification of Darby as the assailant. Darby contends that his attorney should have moved to exclude this identification under the Supreme Court's decision in *Neil v. Biggers*, 409 U.S. 188 (1972). In the *Neil* line of cases (which includes *Manson v. Braithwaite*, 432 U.S. 98 (1977)), the Supreme Court held that the Due Process Clause requires exclusion of unreliable identification testimony obtained as a result of unduly suggestive police procedures.

Darby raised this claim in his motion for relief from judgment, and the state trial court rejected it:

> Defendant also complains his counsel should have filed a motion to suppress the in court identification by Alexus Bajos. In-court identification is proper where there is a basis independent of a prior identification. The independent basis inquiry is a factual one, and the validity of a victim's in-court identification must be viewed in light of the "totality of the circumstances." *Neil v. Biggers*, 409 US 188, 199, 93 S Ct 375, 382, 34 LEd2d 401 (1972). In *People v. Kachar*, 400 Mich 78, 252 NW2d 807 (1977), Michigan's Supreme Court listed the following eight factors that a court should use in determining if an independent basis exists:
>
> 1. Prior relationship with or knowledge of the defendant.
> 2. The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factor[s] affecting sensory perception and proximity to the alleged criminal act.

3. Length of time between the offense and the disputed identification.

4. Accuracy or discrepancies in the pre-lineup or show up description and defendant's actual description.

5. Any previous proper identification or failure to identify the defendant.

6. Any identification prior to lineup or show up of another person as defendant.

7. The nature of the alleged offense and the physical and psychological state of the victim. "In *critical situations* perception will become distorted and any strong emotion (as opposed to mildly emotional experiences) will affect not only what and how much we perceive, but also will affect our memory of what occurred." Factors such as "*fatigue*, nervous exhaustion, alcohol and drugs and age and intelligence of the witness are obviously relevant. Levine and Tapp, The Psychology of Criminal Identification: The Gap from Wade to Kirby, 121 U Pa LR 1079, 1102-1103 (1973).

8. Any idiosyncratic or special features of defendant. [*Id* at 213.].

Defendant was properly identified by both Angelica Bajos, during a live line up, and later by Alexus Bajos, during an in court identification because both young ladies had an opportunity to observe the defendant during the commission of the criminal act against their grandfather, Stanley Sowa. Thus, defendant could voice no meaningful objection to being identified in court. Therefore, defendant's counsel cannot be deemed to have committed malpractice for failing or choosing not to object to Ms. Bajos's in court identification of defendant. *People v. Gray,* 577 NW2d 92, 96, 457 Mich 107, 115 (1998).

*People v. Darby,* No. 13-003186-FC-01, at *6. (ECF No. 21-1, PageID.1520.)

13

Darby has not shown that this decision was contrary to, or an unreasonable application of, the *Neil* line of Supreme Court cases. In those cases, the Supreme Court "emphasized [] that due process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012). And in the *Neil* line of cases, "[t]he due process check for reliability … comes into play only after the defendant establishes improper police conduct." *Id.* at 241. Here, Darby has not suggested that the eyewitnesses identified him as the assailant as the result of any improper police conduct. Nor has he contended that the identifications resulted from unduly suggestive procedures. Therefore, Darby has not shown that his attorney had a basis to move to exclude the identifications under the *Neil* line of Supreme Court cases. Accordingly, Darby has failed to show that the trial court unreasonably rejected this aspect of his ineffective assistance claim.

## C

Finally, Darby argues that the state trial court violated his due process rights when it admitted "other acts" evidence in violation of Michigan Rule of Evidence 404(b). More specifically, Darby says that the trial court wrongfully admitted evidence that he had previously pleaded guilty to a 2013 armed robbery. Darby raised this claim on direct appeal, and the Michigan Court of Appeals rejected it:

Michael argues that the trial court erred in admitting the other acts evidence of the March 26 robbery. Although Michael argues on appeal that the evidence was not admissible for any purpose, he conceded at trial that the evidence was admissible against him because of its relevancy to the issues of identity and a common scheme or plan. He objected to its admission only for the purpose of proving intent. An objection to evidence on one ground is insufficient to preserve an appellate attack on a different ground. *People v. Asevedo,* 217 Mich.App 393, 398; 551 NW2d 478 (1996). Further, where defense counsel affirmatively approves of the trial court's action, any error is waived. *People v. Carter,* 462 Mich. 206, 215–216; 612 NW2d 144 (2000); see also *People v. Kowalski,* 489 Mich. 488, 503; 803 NW2d 200 (2011). Because Michael's counsel expressly agreed that the evidence was admissible to establish Michael's identity or to show a common scheme or plan, any error in the admission of the evidence for those purposes was waived. A waiver extinguishes any error. *Carter,* 462 Mich. at 216. Thus, it is only necessary to decide whether the trial court erred in admitting the other-acts evidence for the purpose of proving Michael's intent. We review the trial court's decision for an abuse of discretion. *People v. Jackson,* 292 Mich.App 583, 594; 808 NW2d 541 (2011). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v. Unger,* 278 Mich.App 210, 217; 749 NW2d 272 (2008).

Under MRE 404(b), the trial court initially decides whether the other-acts evidence is relevant for a purpose other than a "character to conduct or propensity theory." *People v. Sabin (After Remand),* 463 Mich. 43, 55; 614 NW2d 888 (2000). A court must determine whether the evidence, under a proper theory of admissibility, has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; see also *Sabin,* 463 Mich. at 60. What is relevant and material is determined

in light of the relationship of the evidence to the elements of the charges, the prosecutor's theories of admissibility, and the defendant's theory of defense. *Sabin,* 463 Mich. at 60. A defendant's general denial will place all elements of the charge at issue. *Id.* Where other-acts evidence is admissible under a permissible theory of relevance, a court may still exclude the evidence under MRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 58. Upon request, the trial court may provide a limiting instruction under MRE 105 to minimize any potential for prejudice. MRE 105; *Sabin,* 463 Mich. at 56.

With respect to the issue of intent, Michael's reliance on the larcenous intent for armed robbery is misplaced because the prosecutor did not offer the evidence to establish a larcenous intent. Rather, the evidence was offered for its probative value in determining whether Michael fired the gun intentionally and purposefully, rather than by accident. This was a contested issue at trial because one of the defense theories was that the gun discharged accidentally during a struggle. Evidence that Michael committed a similar robbery the next day against a female victim who was also accompanied by a child, and that he fired his gun during that offense, was probative of whether Michael purposefully fired his gun during the charged offense. The admission of the evidence for its relevancy to the issue of intent, as well as identity and a scheme or plan, was not unfairly prejudicial to Michael because the trial court gave an appropriate instruction advising the jury on the limited permissible purposes of the evidence. "[J]urors are presumed to follow their instructions." *People v. Waclawski,* 286 Mich.App 634, 674; 780 NW2d 321 (2009). Accordingly, the trial court did not abuse its discretion in admitting the evidence.

*Darby*, 2015 WL 3757506, at *2.

To the extent that Darby seeks relief because the admission of the "other acts" evidence violated Michigan law, that claim is not cognizable on federal habeas review. It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, errors in the application of state law, including rulings regarding the admissibility of evidence under state laws of evidence, are generally not cognizable in a federal habeas proceeding. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). To the extent that Darby says that the admission of the evidence violated his constitutional due process rights, he has failed to show he entitled to relief on that ground. Simply put, Darby has not identified any clearly established Supreme Court law that holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. And the law appears to be to the contrary. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003) ("There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence"); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990) (holding that admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). Darby has therefore not established that he is entitled to federal habeas relief on this claim.

17

## IV

For all of the reasons stated above, the Court **DENIES** Darby's amended petition for a writ of habeas corpus (ECF Nos. 1).

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reason could debate the Court's conclusion with respect to Darby's ineffective assistance of counsel claim arising from the failure of Darby's counsel to discover and introduce into evidence the two photographs of Darby taken shortly before and after the robbery. The Court will grant a limited certificate of appealability with respect to that aspect of Darby's ineffective assistance claim only. The Court will deny a certificate of appealability with respect to Darby's other claims because jurists of reason could not debate the

Court's conclusion that he has failed to demonstrate an entitlement to federal habeas relief with respect to those claims.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). The Court concludes that Darby could take an appeal in good faith. Therefore, Darby may proceed *in forma pauperis* on appeal.

V

Accordingly, for all the reasons stated above, the Court (1) **DENIES WITH PREJUDICE** Darby's amended petition for a writ of habeas corpus (ECF Nos. 1, 18), (2) **GRANTS** Darby's motion to expand the record (ECF No. 25), (3) **GRANTS** Darby a limited certificate of appealability, and (4) **GRANTS** Darby permission to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  October 26, 2020          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764